**FILED**
2:02 pm Jul 10 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **BRIAN S. JOHNSON,** | ) | **CASE NO. 4: 25 CV 650** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **WARDEN D. FENDER,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Brian S. Johnson, a federal pretrial detainee, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner is currently detained at the Northeast Ohio Correctional Center pending trial in his criminal case in this District. *See United States v. Johnson*, 1: 23 CR 457 (N.D. Ohio) (Ruiz, J.) In his Petition, he asserts four grounds challenging the lawfulness of his detention and proceedings in his pending criminal case (*i.e.*, that his pretrial detention violates his Sixth Amendment right to a speedy trial; his detention is based on false or fabricated evidence by a paid informant; he is in custody "without proper arraignment or jurisdiction"; and "Brady/Giglio violations"). (*Id*. at 6-8, ¶ 13.) He seeks "immediate release from custody." (*Id*. at 8, ¶ 15.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *Allen v. Perini*, 424

F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Upon review, the Court finds that the Petition must be dismissed.

To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007). Thus, a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses that may be raised in his federal criminal prosecution. *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997) (the habeas "remedy cannot be invoked to raise defenses to a pending federal criminal prosecution"); *Holland v. Gilliam*, No. 91-5242, 1991 WL 150821, * 1 (6th Cir. Aug. 6, 1991) ("[h]abeas corpus relief is not available where, as here, a petitioner may pursue his claim in the underlying criminal proceedings").

"It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918); *see also Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the circuit court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").

A federal criminal defendant must challenge his criminal case by filing any pre-trial motions in the trial court, followed by a possible appeal after judgment before he may seek habeas corpus relief. *Medina*, 875 F.3d at 1029.

Accordingly, the pending § 2241 Petition must be dismissed because it is apparent

Petitioner's claims have not been fully exhausted in his pending federal criminal case.

## Conclusion

Based on the foregoing, the Petition (Doc. No. 1.) is denied and this case dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE